# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MITCHELL,<br><br>                     Plaintiff,<br>   vs.<br><br>L. VILLA, Correctional Officer,<br><br>                    Defendant. | CASE NO. 03cv1157-WQH(POR)<br><br>**ORDER** |

Hayes, Judge:

    The matter before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #91).

## BACKGROUND

    On June 11, 2003, Plaintiff, a state prisoner proceeding *pro se*, filed a Complaint alleging that Defendant Correctional Officer Villa violated his rights pursuant to 42 U.S.C. § 1983 under the First Amendment and Fourteenth Amendment of the United States Constitution. (Doc. # 1).

    On April 10, 2006, Defendant Villa filed a motion for summary judgment. (Doc. # 64).

    On August 3, 2006, this Court filed an order granting Defendant's motion for summary judgment in part and denying Defendant's motion for summary judgment in part. The Court granted summary judgment for Defendant Villa on Plaintiff's claim that Defendant retaliated against him on March 10, 2003 by filing a disciplinary rules violation against Plaintiff. The Court concluded that Plaintiff was not entitled to challenge the filing of the disciplinary rules

1  violation in an action under 42 U.S.C. § 1983 because Plaintiff "can only succeed in this
2  retaliation claim by demonstrating the invalidity of the disciplinary rules violation and directly
3  attacking the duration of his confinement." (Doc. # 79 at 11.)  The Court denied summary
4  judgment in favor of Defendant Villa on a separate claim that the Defendant retaliated against
5  Plaintiff for filing prisoner complaints against Defendant by telling other inmates that Plaintiff
6  was a snitch. The Court concluded that "[t]he evidence in the record presents a genuine issue
7  of material fact as to whether the Defendant retaliated against Plaintiff for filing citizen
8  complaints against Defendant by telling other inmates that he was a snitch." *Id*. at 12-13.  The
9  Court concluded that the only claim remaining is the claim that Defendant Villa "retaliated
10 against [Plaintiff] for filing two citizen's complaints by informing inmate gang members that
11 Plaintiff was a snitch" in violation of Plaintiff's First Amendment rights (second claim for
12 relief) and Fourteenth Amendment (third claim for relief) rights. *Id.* at 15.

13       On January 4, 2007, Defendant Villa filed a motion to dismiss Plaintiff's complaint.
14 (Doc. # 91). Defendant Villa contends that he is entitled to judgment in his favor on the
15 grounds that prior to filing this action, Plaintiff failed to file any administrative claim alleging
16 that Defendant Villa retaliated against Plaintiff for filing prisoner complaints by informing
17 inmate gang members that Plaintiff was a snitch. The Court set Defendant's Motion to Dismiss
18 on the court calendar for February 5, 2007.  Plaintiff filed no response to Defendant's Motion
19 to Dismiss.

20       On February 5, 2007, this Court filed a NOTICE TO PLAINTIFF which stated as
21 follows:

> This notice may be required to be given to you pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999) and *Wyatt v. Terhune,* 315 F.3d 1108,1120 n.14 (9th Cir. 2003).
>
> On January 4, 2007, Defendant Villa filed a  motion to dismiss Plaintiff's complaint (#91). Defendant Villa contends that he is entitled to judgment in his favor on the grounds that Plaintiff failed to fully exhaust any administrative claim that Defendant Villa retaliated against Plaintiff for filing two citizen's complaints by informing inmate gang members that Plaintiff was a snitch in violation of Plaintiff's First Amendment rights (second claim for relief) and Fourteenth Amendment (third claim for relief) rights prior to filing this action on June 11, 2003. This Court set Defendant's motion to dismiss on the court calendar for February 5, 2007. Plaintiff has not filed a response to Defendant's

> motion to dismiss.
>
> In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice. *Wyatt v. Terhune,* 315 F.3d at 1120.
>
> This notice is intended to provide Plaintiff with fair notice of his opportunity to develop a record. Plaintiff shall file any response to Defendant's motion to dismiss including any specific facts in declarations or authenticated documents no later than February 26, 2005. Defendant shall file any reply no later than March 12, 2006. The Court will rule thereafter.

Doc. # 92. Plaintiff filed no response to the Notice To Plaintiff.

## BACKGROUND FACTS

The California Department of Corrections and Rehabilitation has a three step review process for prisoner complaints set forth in the California Code of Regulations, Title 15, Section 3084, et seq. (Declaration of N. Grannis in Support of Defendant's Motion to Dismiss Plaintiff's Complaint at Paragraph 3.)

On January 26, 2003, Plaintiff filed a prison complaint against Defendant Villa on an Inmate/Parolee Appeal Form 602 stating that on January 22, 2003, Defendant Villa attempted to place Plaintiff and another inmate in a single capacity shower; that Plaintiff tried to explain to Defendant that the shower was single capacity; that Defendant used profanities and obscenities; and that Defendant denied Plaintiff a shower. Plaintiff's first prisoner complaint requested that a prisoner complaint be filed against Defendant Villa and that Defendant Villa apologize for the use of disrespectful language. (Exhibit A to Declaration of Mitchell filed May 11, 2006.)

On February 5, 2003, Defendant Villa was notified of Plaintiff's prisoner complaint against him. (Exhibit B to the Declaration of Mitchell filed May 11, 2006.)

On March 10, 2003, Defendant Villa filed a RULES VIOLATION REPORT charging Plaintiff with "Refusing a Direct Order." (Exhibit I to Declaration of Mitchell filed May 11, 2006.)

On March 13, 2003, Plaintiff filed a second prisoner complaint against Defendant Villa on an Inmate/Parolee Appeal Form 602 stating in part that on March 10, 2003 Defendant Villa

1 tried to "provoke a physical alteration and used racial slurs, profanity and obscenities towards me and the entire African American Inmate Population, housed in Facility C, Building 3." (Exhibit E to Declaration of Mitchell filed May 11, 2006.)  Plaintiff stated in the second prisoner complaint that Defendant Villa "is a Rogue Correctional Officer, who disregards departmental policy rules and procedures governing the treatment and dealings with inmates." *Id*.  Plaintiff requested that Defendant Villa "issue a formal apology to the entire African American Inmate Population, housed in Facility C, Building 3 and . . .that [Defendant] undergo training in the treatment and dealings with inmates." *Id.*

 On March 27, 2003, Plaintiff was notified that the investigation of his first prisoner complaint regarding the January 22, 2003 shower incident was completed and that his allegations were not sustained. Plaintiff was notified that he could appeal to the Second Level if he was dissatisfied with the decision. (Exhibit A to Declaration of G. Michael German filed April 10, 2006.)  Plaintiff appealed to the Second Level.

On April 7, 2003, a hearing officer held a disciplinary hearing on the March 10, 2003 Rules Violation Report filed against Plaintiff.  The hearing officer found Plaintiff guilty of refusing a direct order and assessed a thirty day loss of credit, loss of privileges, and increased classification points. (Exhibit I to Declaration of Mitchell filed May 11, 2006.)

On April 17, 2003,  Plaintiff filed an appeal of the finding of guilt by the hearing officer that he refused a direct order.  Plaintiff asserted that the guilty finding was not supported by the record and requested that the violation report be dismissed and the loss of credit and privileges be restored.  (Doc. # 12 Exhibit C to Declaration of Michael German filed November 13, 2003.)

On April 22, 2003, Plaintiff withdrew his second prisoner complaint regarding the March 10, 2003 Rules Violation Report stating that "due to extraordinary circumstances I have to withdraw this complaint." (Exhibit I to Declaration of Mitchell filed May 11, 2006.)

On April 29, 2003, Correctional Officer Vargas recommended no further action on Plaintiff's second prisoner complaint regarding the March 10, 2003 Rules Violation Report stating as follows:

> On April 22, 2003, I attempted to interview inmate Mitchell, inmate Mitchell stated that he chose to withdraw his appeal. Mitchell was asked to elaborate as to why he has now decided to withdraw his appeal. Mitchell again stated that he just wished to withdraw it. Inmate Mitchell was asked if he was being pressured by staff or inmates to withdraw the appeal, he stated "No".

(Exhibit B to Declaration of Michael German filed November 13, 2003.)

On June 2, 2003, the Warden denied Plaintiff's appeal from the finding of guilt by the hearing officer that Plaintiff refused a direct order on March 10, 2003. (Doc. # 12 Declaration of Michael German filed November 13, 2003 at 16.)

On May 14, 2003, Plaintiff was notified that his appeal to the Second Level regarding the first prisoner complaint regarding the January 22, 2003 shower incident was denied and notified that the issue could be submitted for a Director's Level of Review if desired. Plaintiff wrote in response: "The decision to deny my appeal is totally wrong! I want my witness interviewed and this officer repremaned (sic) for his use of racial slurs and obscenities, and address my issue as to being forced to shower two (2) in a single shower." (Exhibit A to Declaration of Mitchell filed May 11, 2006.)

On July 22, 2003, a Director's Level Appeal Decision was issued for Plaintiff's first prisoner complaint regarding the January 22, 2003 shower incident ordering no changes or modifications by the institution and exhausting the administrative remedies available to Plaintiff within the institution. (Exhibit A to Declaration of G. Michael German filed April 10, 2006.)

A search of the records kept in the ordinary course of business in the Office of the Inmate Branch in Sacramento, California did not reveal any Third Level Appeal filed by the Plaintiff before June 11, 2003 involving a claim that "between March and April 2003, Defendant Correctional Officer Luis A. Villa retaliated against [Plaintiff] for filing prisoner grievances by informing gang members that Plaintiff Mitchell was a snitch." (Declaration of N. Grannis filed on January 4, 2007.)

## DISCUSSION

The Prison Litigation Reform Act of 1995 states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under § 1997e(a), "no claim may be pursued in court unless the prisoner has given the prison authorities an opportunity to consider providing some relief regarding the facts underlying the grievance." *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005). "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo,* __ U.S. __, 126 S.Ct. 2378 (2006). In *Woodford*, the United States Supreme Court described the grievance system for prisoners in the California prison system:

> To initiate the process, an inmate must fill out a simple form, Dept. of Corrections, Inmate/Parolee Appeal Form, CDC 602 (12/87) (hereinafter Form 602), that is made "readily available to all inmates." Cal.Code Regs., tit. 15, § 3084.1(c) (2004). The inmate must fill out two parts of the form: part A, which is labeled "Describe Problem," and part B, which is labeled "Action Requested." Then, as explained on Form 602 itself, the prisoner "must first informally seek relief through discussion with the appropriate staff member." App. 40-41. The staff member fills in part C of Form 602 under the heading "Staff Response" and then returns the form to the inmate.
>
> If the prisoner is dissatisfied with the result of the informal review, or if informal review is waived by the State, inmate may pursue a three step review process. See §§ 3084.5(b)-(d). Although California labels this "formal" review (apparently to distinguish this process from the prior step), the three step process is relatively simple. At the first level, the prisoner must fill in part D of Form 602 . . . [and] submit the form, together with a few other documents, to the prison's Appeal Coordinator within 15 working days - three weeks- of the action taken. § 3084.6(c) . . . Within 15 working days after an inmate submits an appeal, the reviewer must inform the inmate of the outcome by completing part E of Form 602 and returning the form to the inmate.
>
> If the prisoner receives an adverse determination at the first level, . . . the inmate may proceed to the second level of review conducted by the warden. § 3084.5(c), (e)(1). The inmate does this by filling in part F of Form 602 and submitting the form within 15 working days of the prior decision. Within 10 working days thereafter, the reviewer provides a decision on a letter that is attached to the form. If the prisoner's claim is again denied or the prisoner is otherwise dissatisfied with the result, the prisoner must explain the basis for his or her dissatisfaction on part H of the form and mail the form to the Director of the California Department of Corrections and Rehabilitation within 15 working days. § 3084.5(e)(2). An inmate's appeal may be rejected where "[t]ime limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints." § 3084.3(c)(6).

126 S.Ct. at 2383.

In this case, the evidence in the record demonstrates that Plaintiff did not properly exhaust the administrative remedies available for a prisoner complaint that Defendant Villa

1  retaliated against him for filing prisoner complaints by informing inmate gang members that
2  Plaintiff was a snitch.  There is no evidence in this record that Plaintiff properly exhausted the
3  administrative remedies available under the grievance system for California prisoners
4  regarding the facts underlying the only claim remaining in this action.

5        Section 1997e(a) expressly provides for mandatory exhaustion of administrative
6  remedies prior to any action "with respect to prison conditions." There is no exception for
7  claims of retaliation in the statute or the case law.  In *Woodford v. Ngo,* __ U.S. __, 126 S.Ct.
8  2378 (2006), the Supreme Court explained that "[t]he PLRA attempts to eliminate unwarranted
9  federal-court interference with the administration of prisons, and thus seeks to affor[d]
10 correction officials time and opportunity to address complaints internally before allowing the
11 initiation of a federal case." *Id.* at 2387. (quotation omitted) (footnote omitted).  The Supreme
12 Court has concluded that the Prison Litigation Reform Act requires proper filing of a timely
13 grievance for all claims with respect to prison conditions in order to give prisoners an effective
14 incentive to make full use of the prison grievance process and provide prisons with a fair
15 opportunity to correct their own errors.  The Supreme Court noted that "this is particularly
16 important in relation to state corrections systems because it is difficult to imagine an activity
17 in which a State has a stronger interest, or one that is more intricately bound up with state laws,
18 regulations, and procedures, than the administration of prisons." *Id.* at 2388 (quotation omitted).
19 "When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be
20 identified and questioned while memories are still fresh, and evidence can be gathered and
21 preserved." *Id.*

22       In this case, Plaintiff filed no administrative claim that Defendant Villa retaliated against
23 him for the filing of prisoner complaints by informing gang members that he was a snitch.
24 Prison officials were not given any opportunity to investigate this claim, interview witnesses,
25 or preserve evidence relevant to this claim.  Plaintiff's failure to file any prisoner complaint
26 with the Bureau of Prisons regarding the facts underlying the only claim remaining in this
27 action prevents Plaintiff from going forward in this court. 42 U.S.C. Section 1997e(a).  *See*
28 *Jones v. Bock,* __U.S.__, 127 S.Ct. 910 (January 22, 2007) ("All agree that no unexhausted

1  claim may be considered.").

2       IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint
3  (#91) is granted. This action is dismissed without prejudice.
4  DATED:  March 7, 2007

                                            **WILLIAM Q. HAYES**
                                            United States District Judge